```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION

GENE TRENKAMP,                  :
                                :      NO. 1:04-CV-00515
        Plaintiff,              :
                                :
    v.                          :      OPINION AND ORDER
                                :
H.DENNERT DISTRIBUTING,         :
                                :
        Defendant.              :
```

This matter is before the Court on Perry James Fletcher's (hereinafter, "Fletcher") Motion to Amend Second Amended Complaint to Join as a Plaintiff to this Action (doc. 15), Defendant's Response in Opposition (doc. 18), and Fletcher's Reply (doc. 19).

Mr. Fletcher moves the Court pursuant to Fed. R. Civ. P. 15 and 20 for an Order allowing him to join his claims for retaliation and breach of Ohio public policy to this litigation (doc. 15). The underlying dispute in this action involves Plaintiff's allegations that Defendant discriminated against him on the basis of age (doc. 1). Fletcher, who states he is a close relative of Plaintiff, alleges the day after Plaintiff commenced this action, Defendant terminated Fletcher's employment in retaliation for Plaintiff's protected activity (doc. 15). Fletcher therefore moves the Court to join him as a party to this action and allow him to file a Second Amended Complaint (Id.).

Defendant responds that the only similarity between the instant case and the allegations of Fletcher are that they both seek to sue the same company (doc. 18). Defendant argues that Fletcher's allegations of retaliation share no common core of facts

similar to Plaintiff's claims for age discrimination, breach of contract, and promissory estoppel (Id.).

Fletcher responds that his retaliation claim originates exclusively from Defendant's termination of his employment shortly after receiving Plaintiff's Complaint, and that Defendant's intent to discriminate against Plaintiff, if proven, constitutes circumstantial evidence of intent to discriminate against Fletcher (doc. 19). Fletcher further argues that judicial efficiency would be served by joinder of his claims to this action, and that if the Court would come to a different conclusion, it could always dismiss such claims without prejudice (Id.).

Fed R. Civ. P. 20 allows for permissive joinder if Plaintiffs meet two prerequisites: 1) the plaintiffs must assert a right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and 2) a question of law or fact common to all plaintiffs must arise in the action. Rule 20, however, does not provide for joinder as a matter of right. Its language states that even if the prerequisites are met, the party "may" be added, rather than "shall" be added. Therefore even if the Court would determine that parties might otherwise properly be joined pursuant to Rule 20(a), it must determine whether they should be. The Court may deny permissive joinder if to do so would further trial convenience, avoid delay, avert undue complication of judicial proceedings, or otherwise comport with sound judicial management. "Permissive joinder of parties is a matter highly dependent on judicial

2

discretion and Rule 20 has been described as a procedural rule based on trial convenience." McCormick v. Mays, 124 F.R.D. 164, 167 (S.D. Ohio 1988)(Weber, J.)(citing Mosley v. GMC, 497 F.2d 1330 (8th Cir. 1974) and Gates v. L.G. DeWitt, Inc., 528 F.2d 405, 413 (5th Cir. 1976).

Having reviewed this matter, the Court concludes the facts underlying the respective complaints of Plaintiff and Fletcher are sufficiently distinct so as to militate against permissive joinder. Plaintiff's case turns on questions of alleged age discrimination, which are independent from Fletcher's retaliation and public policy claims. Even if the two could be properly joined under Plaintiff's theory, the Court finds that joinder in this instance could result in both confusion as well as possible prejudice to the Defendant. For these reasons, the Court in its discretion rejects Fletcher's motion.

Accordingly, the Court DENIES Perry James Fletcher's Motion to Amend Second Amended Complaint to Join as a Plaintiff (doc. 15).

SO ORDERED.

Dated: January 19, 2006      s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge

3